UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 25-1648
_____

_____

UNITED STATES,
Appellant,

v.

JOSE MIGUEL PENA DE LA CRUZ,
Defendant-Appellee.
_____

ON APPEAL FROM AN ORDER DISMISSING AN INDICTMENT
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

BRIEF OF DEFENDANT-APPELLEE
JOSE MIGUEL PENA DE LA CRUZ
_____

Judith Mizner
Assistant Federal Public Defender
Federal Defender Office
District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No.: 11056

# TABLE OF CONTENTS

Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

I. The district court did not abuse its discretion in dismissing Mr. Pena de la
     Cruz's indictment with prejudice after he was deported from the United
     States while his criminal prosecution was ongoing.  The court considered
     the impact of his deportation on the public interest in the fair
     administration of justice and preservation of the integrity of the courts
     and was informed of the impact on Mr. Pena de la Cruz's rights
     to counsel and a fair trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

     A. Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     B. After Mr. Pena de la Cruz was deported from the United States by ICE
          during the pendency of his criminal prosecution the district court
          properly dismissed the indictment with prejudice. . . . . . . . . . . . . . . . . . . . . . .6

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

ADDENDUM

May 8, 2025 Order for the Proper Handling of Judicial Proceedings. . . . . . . . . . . . . . .1

May 22, 2025 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . 2

# TABLE OF AUTHORITIES

Case         Page

*Maine v. Moulton*,
    474 U.S. 159 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*Rinaldi v. United States*,
    434 U.S. 22 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7

*United States v. Abdush-Shakar*,
    314 Fed.Appx. 97 (10th Cir. 2008) (unpub). . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Adams*,
    777 F.Supp.3d 185 (S.D.N.Y. 2025). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Arradondo*,
    483 F.2d 980 (8th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Balde*,
    2025 WL 2476710 (S.D.N.Y. 2025). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*United States v. B.G.G.*,
    53 F.4th 1353 (11th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Borges*,
    153 F.Supp.3d 216 (D.D.C. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 13

*United States v. Calderon-Lopez*,
    2020 WL 2616034 (D.Ariz. 2020) (unpub). . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Carrigan*,
    778 F.2d 1454 (10th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Castillo*,
    537 F.Supp.3d 120 (D. Mass. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Case                                                                                    Page


*United States v. Davis*,
    487 F.2d 112 (5th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Escobedo-Molina*,
    __F.Supp.3d__, 2025 WL 1918035 (D.N.Mex. 2025) . . . . . . . . . . . . .12, 13, 14

*United States v. Ferreira-Chavez*.
    2021 WL 602822 (D. Idaho. 202) (unpub) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Guimaraes*,
    2025 WL 1899046 (D. Mass. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*United States v. Hayden*,
    860 F.2d 1483 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Madzarac*,
    678 F.Supp.3d 42 (D.D.C. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*United States v. Mujahid*,
    491 Fed.Appx 859 (9th Cir. 2012) (unpub) . . . . . . . . . . . . . . . . . . . . . . . . .11

*United States v. Oliver*,
    950 F.3d 556 (8th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Ortega-Alvarez*,
    506 F.2d 455 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Osorio*,
    929 F.2d 753 (1st Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Raineri*,
    42 F.3d 36 (1st Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

Case                                                Page

*United States v. Suazo,*
    14 F.4th 70 (1st Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*United States v. Tamup-Tamup,*
    2025 WL 2662293 (D. R.I. 2025). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 15

*United States v. Wade,*
    388 U.S. 218 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Statutes and Regulatory Provisions

Bail Reform Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2, 3, 4, 13

Federal Rules of Criminal Procedure
    Rule 48(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## ISSUE PRESENTED FOR REVIEW

Whether the district court properly dismissed an indictment with prejudice where defendant, a non-citizen indicted for money laundering offenses, was released on conditions pursuant to the Bail Reform Act, taken into custody by Immigration and Customs Enforcement the day of his release, and deported from the United States during the pendency of his criminal case?

## STATEMENT OF THE CASE

The government brought money laundering conspiracy charges against Jose Miguel Pena de la Cruz, a citizen of the Dominican Republic, in a complaint filed on March 14, 2025. J.A.:2, D.E.1.[1] On March 24, 2025 Mr. Pena de la Cruz waived a preliminary hearing and consented to a voluntary order of detention without prejudice. He was committed to the custody of the Attorney General. In an indictment returned on March 26, 2025 he was charged with money laundering conspiracy and money laundering. He was arraigned on March 31, 2025. On April 14, 2025, the day he was released on conditions in Boston, MA by Magistrate Judge Hennessy, he was taken into custody by Immigration and Customs Enforcement (ICE) and housed in FCI Berlin, in Berlin, N.H.

---

[1] "J.A." refers to the joint appendix in this case. "D.E." refers to the docket entries in the district court in case number 25-cr-10106. "Add." Will refer to the Addendum to this brief.

At a status conference on May 1, 2025 the district court, Young, U.S.D.J., was informed that Mr. Pena de la Cruz had been taken into Immigration and Customs Enforcement ("ICE") custody the day he was released on conditions pursuant to the Bail Reform Act. J.A.:18-19. Defense counsel stated that ICE's actions had interfered with Mr. Pena de la Cruz's right to counsel and would interfere with other trial rights if he were deported. He orally moved for dismissal with prejudice. J.A.:19. The court ordered that Mr. Pena de la Cruz not be deported. J.A.:20-21. The government was ordered to respond to defense counsel's motion. J.A.19.

The court entered a standing order on May 8, 2025 providing that a defendant in a case assigned to his session not be "subject in any manner to the custody of agents of Immigration and Customs Enforcement…" until the court allowed a government motion to dismiss the pending charges with prejudice or the defendant had been tried and acquitted, or a judgment and commitment order had been entered. Add.1   Order also available at chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.mad.uscourts.gov/boston/pdf/young/Order%20for%20the%20Proper%20Handling%20of%20Judicial%20Proceedings.pdf

The government's response to defense counsel's motion argued that: 1) ICE had had the authority to detain Mr. Pena de la Cruz notwithstanding his release under the Bail Reform Act; 2) the defendant's claim was not ripe as he had not yet been

deported; and 3) the court should vacate its order enjoining ICE from detaining and removing criminal defendants with cases pending in that session. J.A.:29-36.

On May 9, 2025 defense counsel moved to withdraw his oral motion to dismiss with prejudice as not ripe. J.A.:38. The court allowed the motion but reiterated its order that the defendant not be deported. J.A.:6, D.E.43.

On May 15, 2025 the government moved that the court clarify that defendant could remain in ICE custody, vacate its order barring defendant's removal, and vacate its standing order. J.A.40. In an Order issued on May 22, 2025 the court modified its prior orders to permit ICE detention of individuals released under the Bail Reform Act provided that detainees were not deported until criminal proceedings were concluded as set out in its May 8, 2025 Order and that defendants were brought to the courthouse for "all appearances where the criminal defendant is permitted to be present." Add.2-3. The government sought further modification (J.A.:46-49) and, at a hearing on May 29, 2025 the court clarified that under its modified orders a defendant need be brought to court only where their presence was required and modified the order to permit deportation by ICE after notice to the court two business days before deportation. J.A.:7, D.E.49; J.A.:69-70. On June 19, 2025 the government filed "Government's Notice of Impending Removal of Defendant.". J.A.:81. Treating the notice as the functional equivalent of a motion to dismiss the indictment without prejudice in the interests of justice, the court entered an order on June 23, 2025

dismissing the indictment with prejudice upon Mr. Pena de la Cruz's deportation. J.A.:8, D.E.56.

Mr. Pena de la Cruz was deported on June 24, 2025; the government's appeal followed. J.A.:83.

## SUMMARY OF ARGUMENT

Dismissal of an indictment under F.R.Cr.P.48(a) with prejudice is not limited to protecting a defendant from prosecutorial harassment and does not invariably require a defendant to prove that the government acted in bad faith. In addition to protection from prosecutorial harassment, courts may consider the public interest in the fair administration of justice and the preservation of the integrity of the courts in determining whether an indictment should be dismissed with or without prejudice. Nor, as a number of courts have held, must a defendant establish government bad faith before dismissal with prejudice is appropriate.

Here, the district court did not abuse its discretion in dismissing Mr. Pena de la Cruz's indictment for money laundering offenses with prejudice. Mr. Pena de la Cruz, a non-citizen, was taken into ICE custody the day he was released on conditions under the Bail Reform Act and deported before the criminal charges against him were resolved. The dismissal with prejudice was not an automatic, invariable consequence of Mr. de la Pena's deportation. In orders and at two status conferences the court discussed the impact of the deportation on the public interest in the fair administration of justice and the integrity of the judicial system, noting the nature of

4

the charges and the public involvement in the charging process. The court was also

informed of the impact of deportation on Mr. de la Pena's rights to counsel and a fair

trial. The totality of the facts and circumstances establish that the district court did not

abuse its discretion in dismissing the indictment with prejudice.

## ARGUMENT

**I. The district court did not abuse its discretion in dismissing Mr. Pena de la Cruz's indictment with prejudice after he was deported from the United States while his criminal prosecution was ongoing   The court considered the impact of his deportation on the public interest in the fair administration of justice and preservation of the integrity of the courts and was informed of the impact on Mr. Pena de la Cruz's rights to counsel and a fair trial.**

### A.  Standard of review

In reviewing a challenge to a district court's dismissal of an indictment this

Court reviews of rulings of law de novo, factual findings for clear error, and the

district court's ultimate ruling for abuse of discretion. *See United States v. Kelley*, 402

F.3d 39, 41 (1st Cir. 2005) (review of dismissal for violation of the Interstate

Agreement on Detainers); *United States v. Dessesaure*, 556 F.3d 83, 85 (1st Cir. 2009)

(review of dismissal for violations of Speedy Trial Act); *United States v. Lopez-Matias*,

522 F.3d 150. 153 (1st Cir. 2008) (review of striking of Notice of Intent to Seek a

Sentence of Death).

**B. After Mr. Pena de la Cruz was deported from the United States by ICE during the pendency of his criminal prosecution the district court properly dismissed the indictment with prejudice.**

Defense counsel agreed below that ICE has authority to detain and deport an indicted defendant while their case is pending. J.A.:57, 60. The issue before this Court is not whether ICE had the authority to detain and deport Mr. Pena de la Cruz while his criminal case was pending in the district court (G.B.10-12), but whether, after ICE deported Mr. Pena de la Cruz, the district court had the authority to dismiss his pending criminal case with prejudice. ICE's authority to deport a defendant does not mean that its exercise of that authority has no consequences for the criminal prosecution.

The government maintains that the district court erred in dismissing the indictment with prejudice under F.R.Cr.P. 48(a) by treating dismissal with prejudice as an "invariable consequence" of the notice of impending deportation in contravention of the requirements of Rule 48(a). The government's contention should be rejected.

F.R.Cr.P. 48(a) simply provides that "[t]he government may, with leave of court dismiss an indictment, information, or complaint." It does not provide standards or identify factors for the court to consider. *See Rinaldi v. United States*, 434 U.S. 22, 29 & n.15 (1977) (noting that the scope of discretion inherent in "leave of court" was not defined).

As the government asserts, dismissals under Rule 48(a) are usually without prejudice. However, the government's arguments that dismissal under Rule 48(a) is

limited to protecting defendants from prosecutorial harassment and that dismissal with prejudice requires the defendant to prove that the government acted in bad faith (G.B.13-15) are not compelled by either the Supreme Court's decision in *Rinaldi* or this Court's decisions in *United States v. Raineri*, 42 F.3d 36 (1st Cir. 1994) and *United States v. Suazo*, 14 F.4th 70 (1st Cir. 2021).

In *Rinaldi* the Supreme Court addressed whether the district court had abused its discretion in denying the government's motion to dismiss an indictment based on its admission that the indictment violated the government's policy against multiple prosecutions for the same offense, a policy designed "to protect the individual from any unfairness associated with needless multiple prosecutions." 434 U.S. at 31. The district court had denied the motion, finding that the government had acted in bad faith in previously representing to the court that the prosecution had been properly authorized. The court of appeals affirmed the denial concluding that dismissal was not in the public interest in preserving the integrity of the courts. While noting that the "principal object" of requiring leave of court was "apparently to protect a defendant against prosecutorial harassment," the Court also noted that courts had recognized the public interest as a consideration in whether a motion to dismiss could be denied. 434 U.S. at 29 n.15. Addressing the lower courts' rationale for denying the motion to dismiss the Court stated that the issue was not whether the government had acted in bad faith in pursuing the prosecution, but whether its "later efforts to terminate the prosecution were similarly tainted with impropriety." The Court found that the record

did not support, and it would not presume, bad faith in the decision to terminate the prosecution and that the government's decision, based on the policy against multiple prosecutions, was not contrary to the public interest. 434 U.S. at 30.

The Court found that the district court had abused its discretion in denying the government's motion to dismiss on the ground of prosecutorial misconduct and remanded the case to the district court for dismissal of the indictment. *Id.* at 32. The Court did not discuss whether bad faith was always required to deny a motion to dismiss or whether dismissal should be with or without prejudice.

The defendant in *Raineri*, charged with, *inter alia*, being a felon in possession of a firearm, moved to withdraw his guilty plea, alleging, *inter alia*, that he had not been advised at the change of plea that he would be subject to a mandatory minimum 15 years of incarceration under the Armed Career Criminal Act because he had three previous convictions for violent felonies or serious drug offenses. The government moved to dismiss the felon in possession charge under Rule 48(a) "to remedy any possible defects." The district court granted the government's motion and denied the defendant's motion to withdraw his guilty plea. 42 F.3d at 39.

On appeal defendant argued that the district court abused its discretion under Rule 48(a) in granting the government's motion to dismiss after he had pled guilty. He argued that the wrongful dismissal undercut his plea agreement, entitling him to withdraw his plea. This Court recognized that a defendant who pleads guilty to all counts expects that there will be no future trial on any of those counts and held that

8

because the indictment here had not been dismissed with prejudice relief was warranted. "[A] dismissal of [felon in possession charge] with prejudice is a quid pro quo for retaining the guilty pleas on [other counts]…." However, because "the choice to forego permanently a prosecution is ordinarily made by the executive branch" this Court remanded the case "to require the government to make an appropriate election." *Id.* at 42-43. This Court did not hold that proof of government bad faith was required for dismissal with prejudice or that dismissal with prejudice was limited to prosecutorial harassment.

*Suazo* involved an interlocutory appeal from the denial of defendant's motion to dismiss a federal New Hampshire drug conspiracy charge on double jeopardy grounds. That charge was brought after the federal district court in Maine granted the government's motion pursuant to Rule 48(a) to dismiss a pending federal drug conspiracy prosecution without prejudice on the grounds that at that time the admissible evidence did not support a finding of guilt beyond a reasonable doubt. 14 F.3d at 72-73. The conspiracy was alleged to have occurred in Maine, New Hampshire, and Massachusetts. The defendant argued that the government should be required to show that the conspiracy charged in New Hampshire was different from the conspiracy charged in Maine. His motion was denied.

On appeal, this Court held that jeopardy had not attached in Maine and affirmed the denial of his motion to dismiss on double jeopardy grounds. *Id.* at 75. In addressing defendant's citation to cases where courts dismissed indictments or

reversed convictions based on findings that multiple indictments had been brought to harass defendants, this Court stated that those cases did not support defendant's double jeopardy claim but "reinforce the proposition that Rule 48(a) protects defendants from prosecutorial harassment." *Id.* This Court did not hold that protection from prosecutorial harassment was the only basis for dismissal pursuant to Rule 48(a) or that governmental bad faith was required for dismissal with prejudice.

The cases from other circuits cited by the government at G.B.14 similarly do not unanimously compel the conclusion that dismissal with prejudice is warranted only where a defendant establishes government bad faith. Decisions in the Eleventh and Fifth Circuits do state that dismissal under Rule 48(a) is without prejudice *United States v. B.G.G.*, 53 F.4th 1353, 1363 (11th Cir. 2022); *United States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973). In *B.G.G.* the court held that the court could not deny a motion to dismiss unless a defendant rebutted the presumption that the government acted in good faith with a demonstration of bad faith. Others simply recognize that a dismissal without discussion of prejudice is presumed to be without prejudice. *United States v. Abdush-Shakar*, 314 Fed.Appx. 97, 99 (10th Cir. 2008) (unpub); *United States v. Ortega-Alvarez*, 506 F.2d 455, 488 (2d Cir. 1974). The court in *United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020) rejected defendant's argument that Rule 48 only allows dismissal with prejudice based on prior decisions, including *United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973), which recognized that a dismissal pursuant to Rule 48(a) was without prejudice but also stated defendant had shown no prejudice from

the second indictment *Id.* In holding that defendant had no standing to appeal the dismissal of an indictment without prejudice and dismissing the appeal, the court in *United States v. Mujahid*, 491 Fed.Appx 859, 860 (9th Cir. 2012) (unpub) recognized that a court could deny a government motion to dismiss an indictment if it found bad faith on the part of the government or found that it was not in the public interest, or there was a genuine concern of prosecutorial harassment. The court in *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) recognized that a district court could deny a government motion to dismiss under Rule 48(a) if it determined the government acted in bad faith.

This Court and others have recognized that the district court may, under appropriate circumstances, including circumstances without a determination that the government acted in bad faith, dismiss an indictment pursuant to Rule 48(a) with the condition that the dismissal be with prejudice. *See e.g. United States v. Raineri*, 42 F.3d at 42-43 (1st Cir. 1994);[2] *United States v. Adams*, 777 F.Supp.3d 185, 216 (S.D.N.Y. 2025) ("dismissal with prejudice can be an appropriate judicial remedy to vindicate Rule 48(a)'s purposes, including protecting the rights of the defendant.").

---

[2] While supervisory powers are to be exercised sparingly, they may be used "to remedy the violation of a recognized right, preserve judicial integrity, and deter illegal conduct." *United States v. Osorio*, 929 F.2d 753, 763 (1st Cir. 1991). They may also be exercised "to secure enforcement of better prosecutorial practice and reprimand of those who fail to observe it." *Id.* (internal quotes omitted).

Dismissal under Rule 48(a) is not limited to protecting defendants from prosecutorial harassment. The public interest is also a relevant concern. *United States v. Adams*, 777 F.Supp.3d at 209; *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (In addition to protection from prosecutorial harassment, Rule 48(a) "also permits courts faced with dismissal motions to consider the public interest in the fair administration of justice and the need to preserve the integrity of the courts."); *United States v. Borges*, 153 F.Supp.3d 216, 219 (D.D.C. 2015) (Rule 48(a) permits courts "'to consider the public interest, fair administration of criminal justice and preservation of judicial integrity.'")

Government bad faith is not the only consideration in determining whether dismissing an indictment with prejudice is appropriate. *United States v. Guimaraes*, 2025 WL 1899046 (D. Mass. 2025) (dismissing with prejudice where defendant denied procedural protections of an arraignment when ICE failed to make defendant available for arraignment despite court order and defendant's Sixth Amendment rights may have been violated, despite finding AUSA had acted in good faith); *United States v. Tamup-Tamup*, 2025 WL 2662293 at *2 (D. R.I. 2025) (dismissing with prejudice "best effectuates justice in this case;" bad faith not required); *United States v. Escobedo-Molina*, __F.Supp.3d__, 2025 WL 1918035 (D.N.Mex. 2025), appeal pending (dismissing with prejudice for violation of Fifth and Sixth Amendment and Speedy Trial Act rights required by fair administration of justice); *United States v. Adams*, 777 F.Supp.3d at 218, 235-236 (public interest weighed in favor of dismissal with prejudice); *United*

*States v. Madzarac*, 678 F.Supp.3d 42, 46, 51 (D.D.C. 2023) (dismissing with prejudice without finding of government bad faith); *United States v. Calderon-Lopez*, 2020 WL 2616034 (D.Ariz. 2020) (unpub) (dismissing with prejudice for effect on Sixth Amendment rights without discussion of bad faith); *United States v. Borges*, 153 F.Supp.3d at 221 (dismissing with prejudice without questioning government good faith).

This case, like a number of the cases dismissed with prejudice cited above, presents a situation where a non-citizen facing federal criminal charges is taken into custody by ICE either initially or after having been released on conditions pursuant to the Bail Reform Act, and is deported from the United States by ICE prior to the conclusion of the criminal proceedings. Similar cases have also resulted in dismissal without prejudice. *See e.g. United States v. Balde*, 2025 WL 2476710 (S.D.N.Y. 2025). Cases dismissing with and without prejudice have recognized that ICE's deportation of a defendant from the United States while criminal charges are pending denies a defendant their Sixth Amendment right to counsel, "the right to 'consult with counsel, to review the evidence against him[,] and to prepare a defense to the charge.'" *Calderon-Lopez*, 2020 WL 2616034 at *2; *Escobedo-Molina*, 2025 WL 1918035 at **3-4; *Balde*, 2025 WL 2476710 at *2. As the Supreme Court has recognized, the right to counsel is perhaps most critical after arraignment and prior to trial. *Maine v. Moulton*, 474 U.S. 159, 170 (1985) ("To deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself."). *See also*

*United States v. Wade*, 388 U.S. 218, 224-226 (1967) (importance of counsel at all critical stages).  Courts have also recognized impairment of a defendant's Sixth Amendment right to a speedy trial. *See e.g.  Escobedo-Molina*, 2025 WL 1918035 at **4-5; *United States v. Ferreira-Chavez*. 2021 WL 602822 at *2 (D. Idaho. 202) (unpub) (addressing defendant's motion to dismiss indictment after removal).

 *United States v. Castillo*, 537 F.Supp.3d 120, 131 (D. Mass. 2021), expressed similar concerns in the context of addressing a defendant's motion to dismiss an indictment where defendant, indicted on drug conspiracy charges, was ordered released on conditions by a Magistrate Judge but was turned over to ICE pursuant to its detainer and subsequently removed from the United States. The district court found that "ICE's <u>removal</u> of the Defendant directly interfered with the Magistrate Judge's order designed to ensure his presence at his criminal proceedings and with this [district] court's jurisdiction over the criminal case." *Id.* at 127. The district court also found that defendant's removal interfered with his Sixth Amendment right to counsel, *Id.* at 128. It further found that the government abandoned the drug prosecution when it removed the defendant. *Id.* at 129 While the court dismissed the indictment without prejudice, noting that the court's supervisory power must be exercised with restraint, it warned: "However, if ICE continues a practice of removing defendants without regard to ongoing criminal proceedings, such restraint is likely not to be warranted." *Id.* 131.

Mr. Pena de la Cruz's case and others (*see e.g. Guimaraes, supra; Tamup-Tamup, supra.*) demonstrate that the practice has continued.

The government characterizes the court's order as "a system requiring the government to provide notice prior to a defendant's removal and pursuant to which the indictment is automatically dismissed with prejudice based solely on the receipt of such notice and made effective upon removal." G.B.9. It asserts "that the invariable consequence of such [pre-removal] notice and removal is dismissal with prejudice under Fed.R.Crim.P. 48(a)." G.B.13.

Mr. Pena de la Cruz suggests that the government's assertions that dismissal with prejudice is the "invariable consequence" or the "automatic[]" result of the district court's procedures is only one interpretation of the district court's rulings. The court's order of dismissal states:

> Mr. de la Cruz presently has serious pending unresolved criminal charges facing him in this District. In light of the previous litigation concerning this defendant, the Court treats this notice functionally as a motion to dismiss without prejudice in the interests of justice. The government has the power to dismiss a criminal case for any reason or no reason. As this Court has previously articulated herein, it is sophistry to both claim to be fully enforcing the law while at the same time quietly deporting a defendant to increase ICE' monthly catch limit. Upon Mr. de la Cruz deportation, the indictment is dismissed with prejudice.

In referencing its previous statements the court incorporated the prior proceedings in the case, including discussions at the two status conferences of the issues surrounding ICE actions and the impact of those actions not only on the pending prosecution against Mr. Pena de la Cruz, but on the public interest in the fair

administration of justice and the integrity of the court. Examining the totality of the facts and circumstances resulting in the court's order supports the court's dismissal of the indictment based on the facts and circumstances of this case and demonstrates that the court did not commit an error of law or abuse its discretion in dismissing the indictment in this case with prejudice.[3]

At the initial status conference on May 1, 2025 defense counsel represented that Mr. Pena de la Cruz's right to counsel and to a fair trial were impaired by his having been taken into ICE custody presumably for removal. J.A.:19. The court expressed concerns for the impact of the potential deportation on the public interest in the fair administration of justice: "My concern is with the demeaning and disregard of the people of this District who returned an indictment,…. J.A.: 21. Its expressions of dissatisfaction with the practice of ICE taking defendants into custody for deportation after they had been indicted (J.A.:22, 25, 26) is consistent with that concern.

At the status conference on May 29, 2025 the government maintained that the court could not "condition removal …on an event occurring in the criminal case, such as dismissal. So, the proper sequence of events, we believe, is for you to rescind

---

[3] The court's modifications of its earlier orders precluding ICE from detaining or deporting Mr. Pena de la Cruz or other defendants in the court's session to authorize detention and deportation (with the provision of two business days' notice of an impending deportation) removed any potential errors of law from the court's orders. *See* Add.2-3; J.A.7, D.E.47, 49; J.A.:69-70.

that order and then, at that point, if the defendant is removed, we will then come back to you and move to dismiss without prejudice." J.A.:62. It argued that it "could not be forced, as it were, to move – prior to removal, to move to dismiss the case." J.A.:63. While contesting the court's authority to order the filing of a motion to dismiss prior to deportation, the government acknowledged that it would be filing a motion to dismiss without prejudice should a defendant be deported. J.A.:61-63.

The court explained its concerns. The money laundering charges allegedly involved drug money "and the very life's blood of the drug trade depends upon laundering large sums of money….The charges themselves are enormously serious." J.A.:64.[4] Mr. Pena de la Cruz submits that the court could properly consider the societal interests in prosecuting the charged offenses in assessing whether the public interest in the fair administration of justice and the need to preserve the integrity of the courts supported dismissal of an indictment with prejudice.

The court discussed the involvement of the public in the charging process through participation in the grand jury. J.A.:65. This, too, is a factor relevant to the public interest in the fair administration of justice.

Given the government's representations at the May 29, 2025 status conference that it would move for dismissal without prejudice after deportation, the court's treatment of the government notice of impending removal as the functional

---

[4] The offenses were alleged to be connected to a Mexican drug trafficking organization distributing fentanyl. D.E. 1-1.

equivalent of a government motion to dismiss without prejudice was warranted and its decision to dismiss the indictment with prejudice after Mr. Pena de la Cruz was deported based on the factors articulated in its order and at the status conferences was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons this Court should affirm the district court's dismissal of the indictment in this case with prejudice.

Dated: Sepember 26, 2025

Respectfully submitted,
by his attorney,

*/s/ **Judith H. Mizner***
Judith H. Mizner, AFPD
Federal Defender Office
District of Massachusetts
51 Sleeper Street 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No. 11056

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)

I, Judith Mizner, hereby certify that the foregoing brief of appellee Jose Miguel Pena de la Cruz complies with the type-volume limitation in FRAP 32(a)(7)(B)(i).

1. The brief contains 4,429 words excluding the parts of the brief exempted by FRAP 32(f).

2. The brief has been prepared in a proportionally spaced typeface using word in 14 point Garamond.

*/s/Judith H. Mizner*
Judith H. Mizner

## CERTIFICATE OF SERVICE

I, Judith H. Mizner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, including all counsel of record for the United States, Donald C. Lockhart and and Annapurna Balakrishna, as identified on the Notice of Electronic Filing on September 26, 2025

*/s/Judith H. Mizner*
Judith H. Mizner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ORDER**

for the

**PROPER HANDLING**

of

**JUDICIAL PROCEEDINGS**

YOUNG, D.J.                                            May 8, 2025

Whenever a Grand Jury sitting in this District shall return an indictment which is assigned to this Session, the defendant is subject to the orders of this Court including any Magistrate Judge so assigned. He or she shall not thereafter be subject in any manner to the custody of agents of Immigration and Customs Enforcement until the first of the following three events occur: 1) the United States Attorney shall move to dismiss the charges pending in this session with prejudice and this Court shall allow the motion, 2) the trial jury for these charges shall acquit the defendant, 3) this Court shall enter a judgment and commitment order upon these charges after trial or plea.

The United States Attorney shall maintain a current list of defendants subject to the orders of this Court and shall insure that the agents of Immigration and Customs Enforcement are kept fully apprised of this list.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE

*Add. 1*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,               )
                                        )
                                        )
                                        )
            v.                          )        CRIMINAL ACTION
                                        )        NO. 25-10106-WGY
JOSE MIGUEL PENA DE LA CRUZ,            )
                                        )
                   Defendant.           )
_____       )

YOUNG, D.J.                                      May 22, 2025

## ORDER

The motion before the Court (ECF No. 45) is not truly a motion for clarification at all; actually it is a motion for reconsideration and — in one particular — it is correct. It does appear that, notwithstanding the pendency of federal criminal proceedings, under the Immigration and Nationality Act agents of Immigration and Customs Enforcement ("ICE") may, for lawful purposes and in a lawful manner, detain such person even though such person is ordered released from federal custody under the Bail Reform Act.

The contrary order in this case and this Court's general order issued on May 8, 2025 are both modified to permit such ICE detention, provided that 1) such detainees shall **NOT** be deported until the conclusion of the federal criminal proceedings in the manner set forth in this Court's general order and 2) ICE shall

Add. 2

facilitate the appearance of such detainee (to avoid any government silliness, this means ICE shall bring the detainee in a timely manner to Courtroom 18, John J. Moakley United States Courthouse, Boston) for all court appearances where the criminal defendant is permitted to be present. This modification fully harmonizes the two statutes, as the government itself acknowledges. In all other respects the orders of this Court (referred to herein) remain in full force and effect.

In due course, the Court will enter a full opinion explaining its reasoning and pointing out that ceding prosecutorial discretion to ICE impairs the cherished and constitutionally guaranteed right of all Americans to adjudicate the facts in every criminal proceeding.

**SO ORDERED.**

/s/William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

Add. 3

[2]